Scribner, J.
This is. a proceeding in error to reverse a judgment rendered by the court of common pleas against the plaintiff in ..error in a case in which the plaintiff in error was plaintiff *640 below and the defendant in error was defendant. The original petition in this case was filed April 22, 1892, for the purpose of establishing the right and title of the plaintiff, Raymond, to a certain parcel of real estate specifically described in his petition, the plaintiff alleging therein that he was the owner in fee simple, of the lands described,and had been in possession thereof for a considerable period of time prior to the bringing of the action. The plaintiff further alleged, in his petition,that the defendant railroad company had interfered with the free use and enjoyment of the property and the possession thereof, and was claiming to be the owner of the premises, and to be entitled to use and occupy the same.
To this petition an answer was filed and a reply, and then amendments were filed with other pleadings on both sides, all proceeding substantially upon the same claim of the plaintiff in error — that he was the owner in fee simple of the premises and in possession, and that the defendant was interfering with his possession and claiming some right, title and interest in the premises, inconsistent with the rights of the plaintiff, and asking that the defendant might be enjoined — that the right of the plaintiff to the land might be established and the defendant railroad company enjoined from interfering with his possession; in short,,it was the old action to quiet title.
Before anything was done in the way of a trial by the court of common pleas, the plaintiff here, and upon leave, filed a petition, which it would seem, entirely changed the character of this proceeding. I will read the material portions of this petition,which is very brief. It is entitled “In the court of common pleas of Lucas county, Ohio. Paul Raymond v. Toledo, St. Louis & Kansas City Railroad Co. and R. B. F. Pierce, Receiver of the Toledo, St. Louis and Kansas City Railroad Co. Amended and supplemental petition. Now comes the plaintiff, and for amended and supplemental petition herein says that the Toledo, St. Louis and Kansas City Railorad Co. is a corporation created by the laws of the state of Ohio, and the owner of a line of railway extending from the city of Toledo, Ohio, to the city of St. Louis, Missouri. In the said city of Toledo said defendant now is, and for a long time heretofore has been the *641 owner o£ certain yards and tracks used and operated by it in connection with its said line of railway.”
Then follows the allegation that the defendant, Pierce, is the duly appointed and qualified receiver of this railroad “and as such is now in the possession and control of and operating said The Toledo, St. Louis & Kansas City Railroad. ”
Now, coming to the material allegations of this petition and those out of which the principal claim arises, he says:
“Plaintiff further says that he claims to have an estate in, and is the owner in fee simple of the following described real estate, to-wit:” (And here he describes certain lots) “in the city of Toledo, Ohio. ” It will be observed that the plaintiff claims to be the owner, and that he has an estate in these lots. And then the petition proceeds:
“This defendant further alleges that for a long time said defendant railroad company, its predecessors and grantors, did acquiesce in the ownership and possession of said premises by this plaintiff, until up to about the time of the commencement of this action, at which time the said railroad company, well knowing of the rights and ownership of this plaintiff in said property, unlawfully and forcibly entered upon the said lots and improvements, against the protests of plaintiff, and took possession of and fenced in a large portion thereof, and laid its railroad tracks thereon, to-wit: a strip of land off said lots from fifteen to thirty-five feet in width, next to and adjoining the property owned by said defendant railroad company, beiDg formerly the canal bed of what was known as The Miami & Erie Canal, extend ing through the said city of Toledo. And notwithstanding the protests of this plaintiff, the said railroad company and' the said receiver have thence hitherto continued to hold possession of a large portion of his said premises, and interfering with therights and privileges of this plaintiff therein, as well as casting a cloud upon plaintiff’s title to said lands, to his great and irreparable damage.”
Now, here is a direct averment that at a certain date the railroad company, knowing the rights and ownership of the plaintiff, unlawfully and forcibly entered upon the property against the protests of the plaintiff, and took possession of a large portion thereof and laid its railroad tracks thereon, *642 “and have thence hitherto continued to hold possession of a large portion of his said premises, and interfering with the rights and privileges of this plaintiff herein, as well as casting a cloud upon plaintiff s title to said lands.”
“Plaintiff further says defendant’s only title to or right in the lands upon and along which said railroad tracks are laid in the vicinity of plaintiff’s said lots, is under and by virtue of a claimed purchase of the bed of the said Miami & Erie Canal.”
Then it proceeds to aver what the width of the canal is, and what the railroad company did in fact acquire, and the plaintiff proceeds to say that under the claim made by the company, they have forcibly entered upon and taken possession of the lots they now claim.
“Plaintiff further says that the defendant’s said claim in the premises so occupied and wrongfully possessed by them is adverse to this plaintiff’s rights.
“Wherefore plaintiff prays that the said defendants may be compelled to show what,ir any,interest they may have in said property, that the same may be adjudged null and void, and that judgment for the possession of said property may be awarded to this plaintiff, and the defendants enjoined from interfering therewith until compensation has been made for said premises, and for all other proper relief.” .Now, here is a clear statement of the plaintiff that he is the owner of certain premises, which he describes, in fee sirnple; that the defendant railroad company forcibly took possession of a portion of the premises described, and laid their tracks upon it, and claim to exercise the rights of an o.wner over this property, denying any right or title of the plaintiff in the property; and then there is.a prayer that the plaintiff may have judgment .for the detention of the property, and that the defendants may be enjoined Nom interfering therewith, or make compensation to the parties. This petition, as it occurs to us, makes a clear case of an action in ejectment at law for the recovery of the possession of the property by the plaintiff, upon the ground that he is the owner and that the defendant has unlawfully evicted him from possession of the premises.
'.The defendants filed an answer in the case, in which they admitjthat they have taken possession of and claim to have, *643 title to the property and they not only claim the property but they aver that: “Continuously, for more than twenty-one years prior to the commencement of this action, the defendant company and its grantors have been in the open, notorious, exclusive, adverse possession of the several strips of land in plaintiff’s petition and the amendments thereto described, and to which plaintiff now claims title.”
There are denials of many of the material allegations of the petition.
There is a reply to this answer denying the claim by the defendants that it is the owner of the lands, or that it had been in adverse possession for more than twenty-one years.
Upon these pleadings the case went to trial in the court of common pleas, with this result: “And thereupon the case ■came on to be heard and was submitted upon the pleadings and the evidence. And the court being now fully advised in the premises, and having heard the arguments of counsel, finds for the defendants. It is therefore ordered, adjudged and decreed that the petition and the amended and supplemental petitions of the plaintiff be dismissed; that the defendants go hence without day, and recover their costs herein, taxed at $ — ■—■—•, for which execution is awarded. Thereupon the plaintiff gave notice of appeal to the circuit court of Lucas county, Ohio;” and a bond was filed and the papers filed in this court.
This is a motion to dismiss the appeal, on the ground that the action of the plaintiff was a simple action at law; that it has possession of the property, and no action lies in its behalf. It is claimed on the part of the defendant below that it is a clear case of an action at law — a case of an action in ejectment to recover the possession of the premises, and that the issue is made as to which of them is entitled to the possession of the premises. It is claimed on the part of the plaintiff in error here that the action is brought under the statute providing that the owner of lands which have been invaded by a railroad company may bring a proceeding to compel the defendants to condemn, and that upon a failure of the railroad company to take possession and proceed to condemn, the owner himself may take proceedings, to have ascertained the amount of compensation to which he is entitled and judgment rendered for it, and that upon a *644 failure to pay the judgment, the owner may file his petition for and obtain an injunction to restrain the railroad company from using the land until the judgment has been paid. This action is not under that statute; it is an action in which the plaintiff claims title; claims that he was in possession;, •that he was unlawfully evicted by the defendant; that the defendant wrongfully claims title, and he prays that he may have judgment restoring possession to him, and that the defendant may be enjoined from interfering with the lands until the railroad company has paid compensation. This-statute is found in vol.II.of Smith & Benedict’s edition,and is contained in sec’s.6448, 6449 and 6450,Revised Statutes.. The provisions as to the costs and expenses are contained in subsequent sections. Now, in brief, the main and controlling provisions of this statute, as to the rights of the parties, authorize the owner, where land is in possession of a railroad company without any agreement, or without there-having been any appropriation, to take proceedings in the probate court against the corporation requiring the corporation to proceed to appropriate the lands, and on the failure of the corporation to so proceed, “such owner or owners, or either of them, or said trustees or school officers may file a petition in the probate court of the proper county” for the purpose of having possession ascertained and adjudged.
This statute has received the construction of the supreme court, in Railroad Co. v. Robbins, 35 Ohio St., 531, and the conclusion of the court there expressed is against the claim made by the plaintiff.
The statute is again considered in Longworth v. Cincinnati, 48 Ohio St., 637 to 643; and again in Railroad Co v. Perkins, 49 Ohio St., 326; but the court declare in Railroad Co. v. Robbins, supra, which is somewhat explained1 or modified in Longworth v. Cincinnati, and Railroad Co. v. Perkins, supra, that the principle declared is still applicable. In the case of Railroad v. Robbins, supra, the court on page 540, says:
“Our conclusion,therefore,is,that the unlawful and wrongful conversion and use of land, against the will of the owner, and under such circumstances that he is not prevented or estopped from recovering possession, will entitle such owner, while the title still remains in him, to maintain an *645 action to recover a judgment for the value of the land, and to an order of sale of the same to pay the judgment; and that, in such case, the owner has his election to proceed under the 21st section of the act of 1872, (69 O. L., 95),” and that is the statute which I have just read, “to recover the compensation and damages to which he is entitled under the constitution, or by action for the unlawful entry and possession to recover the possession, and damages for use and occupation.”
Here, this owner, from the statements made in his petition, as amended, is entitled to his election tc pursue the statute and take his proceedings in the probate court and have compensation awarded to him, and then to enjoin the use of the land until that compensation is paid; or he may do, as I understand he has done here — bring his action to recover possession of the premises. He did this, and the issue was made as to whether he was the owner of. the premises, or whether the railroad company was the owner; and th.e court having found against him on that proposition in a pure proceeding at law, we think, under these facts, that the motion of the defendant in error to dismiss this petition, should be allowed, and it is allowed.